***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Theresa Stephenson and the briefs and oral arguments on appeal. The Full Commission hereby RECEIVES INTO EVIDENCE the responses sent in by Drs. Frazier and Martinez. The Full Commission has also reviewed these responses. After the review of all of the entire file, the briefs and oral arguments on appeal, and the new material, the appealing party has shown good grounds to reconsider the evidence, to receive further evidence, and to amend the prior Opinion and Award. Accordingly, the Full Commission REVERSES the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing on 23 March 2000 as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, which has jurisdiction of the parties and of the subject matter.
2. On 30 July 1996 an employment relationship existed between the plaintiff-employee and the defendant-employer.
3. On 30 July 1996 Liberty Mutual Insurance Company was the carrier on the risk.
4. The plaintiff's average weekly wage is to be determined by an Industrial Commission Form 22 received at the Commission on 26 October 1999.
5. The following Industrial Commission Forms are admitted into evidence as Stipulated Exhibit #1: Forms 18, 19, 61, 33, 33R, and 22.
6. The plaintiff's medical records regarding this claim are admitted into evidence as Stipulated exhibit #32.
7. The plaintiff's recorded statement of 1 May 1997 is admitted into evidence as Stipulated exhibit #3.
8. The issues to be determined by this hearing are whether the plaintiff sustained a compensable injury arising out of and in the course of her employment with the defendant-employer on 30 July 1996, and, if so, what, if any, benefits is the plaintiff entitled.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On 30 July 1996 the plaintiff was a 43 year-old female employed by the defendant-employer as a housekeeper. The defendant-employer is a private resort. The defendant-employer is normally open from March until the beginning of November.
2. The plaintiff's duties as a housekeeper with the defendant-employer included cleaning rental units. The plaintiff had been so employed seasonally with the defendant-employer for approximately eight years.
3. The plaintiff testified that she experienced arm pain as she attempted to fold a sofa bed while cleaning a room on 30 July 1996.
4. The plaintiff finished her shift and later bathed her left arm in hot water and wrapped it in a towel. The plaintiff was not scheduled to work on 31 July 1996.
5. On 31 July 1996 the plaintiff sought treatment from Dr. Frazier. The plaintiff explained her work to Dr. Frazier but attributed her pain to a fall from a ladder that occurred on 8 June 1995.
6. On 8 June 1995 the plaintiff fell from a ladder while performing her duties at work. The plaintiff did not seek medical treatment for this fall until 31 July 1996. Pursuant to stipulation of the parties, the 8 June 1995 fall and any related disability is not to be considered by this Opinion and Award.
7. Dr. Frazier attributed the plaintiff's problems to the 1995 fall and referred the plaintiff to a neurosurgeon, Dr. Martinez. The plaintiff saw Dr. Martinez in November 1996. Dr. Martinez described the 1995 fall and ordered a cervical myelogram and C7 scan. This myelogram revealed a left-sided disc herniation at the C5-C6 level.
8. The plaintiff was laid off on 2 November 1996 when the defendant-employer closed for the season. On 6 December 1996 the plaintiff filed a Form 18 alleging that she hurt her neck/back on 30 July 1996 while moving a couch.
9. The plaintiff ordinarily collected unemployment benefits during the defendant-employer's off-season. The plaintiff did not collect unemployment after November 1996 because she could not certify herself as able to work.
10. On 12 August 1998, the plaintiff sought treatment from Dr. Sampson at Duke University Medical Center. At that time the plaintiff experienced left arm paraesthesis. She also experienced these symptoms in her right index finger and thumb.
11. The plaintiff underwent a C5-6 anterior cervical diskectomy and fusion on 3 September 1998. Dr. Sampson also noted narrowing and degenerative disc disease at C6-7. Following surgery, the plaintiff's symptoms initially improved in October and November 1998. The symptoms in the plaintiff's right hand especially lessened.
12. In March 1999 the plaintiff returned to Duke with a worsening of her left arm parasthesis. New EMG studies suggested a worsening of her left C5-6 radiculopathy. Dr. Sampson referred the plaintiff to Dr. Urban for a nerve block. On 23 March 1999 the plaintiff received an epidural steroid injection from Dr. Huh.
13. At the time of the hearing before the Deputy Commissioner the plaintiff was still undergoing treatment and had not yet reached maximum medical improvement.
14. The answers to the questions proffered to Drs. Martinez and Frazier do not establish a causal relationship between the 30 July 1996 incident and the plaintiff's current disability.
15. The plaintiff has not established by the greater weight of the evidence that any disability she currently suffers is related to the 30 July 1996 incident that is the sole incident covered in this Opinion and Award.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Given that this Opinion and Award can only consider the 30 August 1996 incident, the plaintiff has failed to prove by the greater weight of the evidence that she sustained a compensable injury by accident arising out of and in the course of her employment with the defendant/employer on 30 August 1996. G.S. § 97-2(6).
2. The plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. G.S. §97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, the plaintiff's claim must be, and hereby is DENIED.
2. Each side shall bear its own costs.
 S/______________ CHRISOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER